**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KATHLEEN CAMPBELL,**
**individually, and on behalf of**
**of others similarly situated,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No.:**

**METLIFE SERVICES**
**AND SOLUTIONS, LLC,**

    **Defendant.**
_____/

**COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Kathleen Campbell, individually and on behalf of others similarly situated, by and through their undersigned counsel, hereby sue the Defendant MetLife Services and Solutions, LLC and state as follows:

**JURISDICTION AND VENUE**

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.　　Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3.　　At all times material herein, Plaintiff Kathleen Campbell ("Campbell") resided in Hillsborough County, Florida.

4. At all times material herein, Defendant MetLife Services and Solutions, LLC ("MetLife") was a foreign limited liability company, authorized and doing business in this judicial district.

5. At all times material herein, MetLife employed Campbell in accordance with 29 U.S.C. § 203(e)(l), and MetLife was Campbell's employer within the meaning of 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

6. MetLife is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

## GENERAL ALLEGATIONS

7. At all times material, MetLife willfully violated the Fair Labor Standards Act ("FLSA").

8. Campbell has retained the undersigned counsel to represent her interests in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

9. MetLife, along with its affiliates, is among the nation's largest providers of insurance, annuities, and employee benefit programs.

10. The many insurance products that MetLife offers includes long term disability ("LTD") coverage, which replaces a portion of an insured's income during an extended period of a disabling illness or accident.

11. MetLife hired Campbell to work as an LTD Claims Specialist Trainee on or about January 14, 2019. MetLife employees LTD Claims Specialist Trainees at various offices across the United States. Campbell worked at MetLife's Tampa, Florida location.

12. At an LTD Claims Specialist Trainee, Campbell gathered information necessary to render decisions on LTD claims from claimants, doctors, nurses, employers, and lawyers. From that information, Campbell could recommend a decision on an LTD claim. But a supervisor was responsible for making the final claim decision.

13. When MetLife hired Campbell, she was paid on an hourly basis. MetLife did not approve any overtime hours, so Campbell was not allowed to enter more than eight hours per day, or 40 per week. Nevertheless, MetLife expected Campbell to work additional hours every week, which she did with MetLife's knowledge.

14. Until around August 2019, Campbell routinely worked 45 to 50 hours per week, although only 40 hours were recorded in accordance with the time keeping guidelines. The additional 5 to 10 hours of work were performed in the office as well as home on nights and weekends.

15. In August 2019, MetLife assigned Campbell a new supervisor who gave her additional work. Beginning then and through October 2019, Campbell worked about 60 hours weekly.

16. Campbell's last day of work for MetLife was October 29, 2019.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

17. Plaintiff re-alleges as if fully set forth herein the allegations stated in Paragraphs one (1) through sixteen (16).

18. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

19. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

20. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of her job with Defendant. 29 U.S.C. §207(a)(1).

21. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

22. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

24. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. § 207.

25. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

26. Defendant's violation of the FLSA was knowing, willful, and in reckless disregard of the Plaintiff's rights.

27.     As a direct result of Defendant's FLSA violations, Plaintiff has suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and she has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff Kathleen Campbell, individually, and on behalf of others similarly situated, respectfully requests that judgment be entered in her favor against Defendant MetLife Services and Solutions, LLC including, but not limited to:

   a.   Overtime compensation;

   b.   Liquidated damages;

   c.   Prejudgment interest;

   d.   Payment of reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e.   A finding that the FLSA was violated and an adjudication on the merits of the case; and

   f.   Any other relief the Court deems proper.

### COUNT II
### FAIR LABOR STANDARDS ACT
### (COLLECTIVE ACTION – UNPAID OVERTIME)

28.     Plaintiff re-alleges as if fully set forth herein the allegations stated in Paragraphs one (1) through sixteen (16).

29.     The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

30.     At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendant in excess of the maximum

hours allowed by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

31. The putative class members are current, former, and future hourly, non-exempt employees of Defendant who worked in excess of forty hours in at least one work week during the past three (3) years.

32. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices as the Plaintiff related to their compensation from the Defendant.

33. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

34. Defendant's failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly-situated to the Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff Kathleen Campbell, individually, and on behalf of others similarly situated, respectfully requests that judgment be entered in her favor against Defendant MetLife Services and Solutions, LLC including, but not limited to:

    a. Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

    b. Judgment against Defendant for overtime compensation, liquidated damages, and prejudgment interest;

    c. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

      d.      An adjudication on the merits of the case; and

      e.      Any other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

36.    Plaintiff on behalf of herself and all others similarly situated, demands a trial by jury on all issues so triable.

Dated May 13, 2020

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Scott L. Terry*
**SCOTT L. TERRY, ESQ.**
Florida Bar No.: 77105
Primary:      scott@fgbolaw.com
Secondary:  daniela@fgbolaw.com
                   e-filing@fgbolaw.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
Primary:      wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
*Trial Attorneys for Plaintiff*