UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN CAMPBELL,

    Plaintiff,

v.                                  CASE NO. 8:20-cv-1105-T-23CPT

METLIFE SERVICES
AND SOLUTIONS, LLC,

    Defendant.
_____/

**<u>ORDER</u>**

    In this FLSA action, the parties move jointly (Doc. 24) for approval of the settlement and append the settlement agreement. The joint motion for approval reports the existence of a bona fide dispute between the parties and explains that the "proposed settlement is the product of serious, informed, arms-length negotiations after months of discussions and a mediation." (Doc. 24 at 2) Also, the parties explain that the "attorneys' fees and costs do not reduce, diminish, or otherwise compromise the back-wages settlement payment." (Doc. 24 at 4)

    However, the parties' settlement, which compromises the disputed claims, contains a general release. (Doc. 24-1 at 2–3) ("Plaintiff . . . fully releases . . . all other claims that were or could have been asserted in the Lawsuit, whether known or unknown."); (Doc. 24-1 at 3) ("The releases in this Paragraph 3 include a release of

all of the Plaintiff's individual claims against Defendant."); (Doc. 24-1 at 3) (The plaintiff "is waiving and releasing all claims including any and all claims for monetary damages and any other form of personal relief."); (Doc. 24-1 at 4) ("Plaintiff represents, acknowledges and agrees . . . that she will not pursue, or encourage, incite, or solicit others in pursuing, any claims or actions against MetLife or any of the Releasees."); (Doc. 24-1 at 6) ("This settlement agreement . . . includes a release of all known and unknown claims.").

Further, the parties' settlement obligates the plaintiff, "as a condition of MetLife's payment of the settlement amounts, [to] immediately withdraw [any] claim or charge" against MetLife. (Doc. 24-1 at 4)  And on page five of the settlement, the plaintiff is required (1) to forgo payment for any unrelated "civil action, arbitration, administrative charge, or other legal or administrative proceeding"; (2) to arbitrate any future dispute with MetLife, even if unrelated to this action; and (3) to waive her right to a class action or collective action in the event of a future (although unrelated) dispute.  In other words, the settlement obligates the plaintiff to exchange something of value — that is, the relinquishment of rights and claims unrelated to this FLSA action — in exchange for a payment intending to compromise her FLSA claim.

An FLSA action requires a district court or the Department of Labor to approve the settlement of an action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  A district court evaluating the settlement of a

compromised claim "should examine first the 'internal' fairness of the compromise, including the existence of a bona fide dispute and the absence of a prospective waiver, confidentiality agreement, or other provision antithetical to the FLSA." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010). Although a general release is commonplace in litigation practice, the general release, styled in the same overbroad manner as the parties', contravenes the FLSA and warrants rejection. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (Merryday, J.) ("[T]he employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim. . . . [A] pervasive release of unknown claims fails judicial scrutiny.").

Accordingly, under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), the motion (Doc. 24) for approval of the agreement is **DENIED**. The parties may submit for approval a revised agreement.

ORDERED in Tampa, Florida, on December 1, 2020.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE